IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HTS LOGISTICS, LLC,
a Florida limited liability
corporation,

      Case No:

    Plaintiff,

v.

GERIN CARRIERS, LLC,
a Texas limited liability corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiff HTS LOGISTICS, LLC, by and through its undersigned counsel, hereby submits and files its Complaint against Defendant GERIN CARRIERS, LLC, and in support thereof states as follows:

## INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff HTS LOGISTICS, LLC ("HTS"), a transportation broker, and Defendant GERIN CARRIERS, LLC ("Gerin"), a motor carrier, for Gerin's loss of goods and its failure to indemnify HTS for Gerin's loss of goods pursuant to the parties' July 10, 2018 Motor Carrier Agreement ("the Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. HTS is a Florida limited liability corporation with its principal place of business located in Jacksonville, Florida.

3. HTS is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-837570) that arranges for the interstate transportation of property by various motor carriers.

4. HTS is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. Gerin is a Texas limited liability corporation with its principal place of business in Fort Worth, Texas.

6. Gerin is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-841483) to transport property in interstate commerce.

7. Gerin is a citizen of Texas for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because HTS and Gerin are citizens of different states, and because the amount in controversy, exclusive of interest, costs and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about July 10, 2018, Gerin, entered into the Motor Carrier Agreement ("the Agreement") with HTS wherein Gerin agreed to transport cargo for customers of HTS. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 4(a) of the Agreement provides that venue for any dispute arising out of the Agreement shall be in Duval County, Florida.

## GENERAL ALLEGATIONS

12. On or about February 20, 2020, Gerin, in its capacity as a motor carrier and as arranged by transportation broker HTS, agreed to transport 28 pallets of cigarettes ("the Cargo") from Cerritos, California to Fort Worth, Texas.

13. HTS was tendered the transportation of the Cargo by co-transportation broker, E Logis, Inc. ("E Logis"), who was tendered the transportation of the Cargo by its customer shipper KT&G Corporation ("the shipper").

14. Gerin's transportation of the Cargo was governed by the Agreement and by a bill of lading. A copy of the governing bill of lading for

3

the Cargo, No. LAOB103281 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

15. The Cargo was tendered to Gerin in Cerritos, California on or about February 20, 2020 in good condition.

16. While in transit from California to Texas and under the exclusive care, custody, and control of Gerin, the Cargo was stolen and/or otherwise lost.

17. On or about February 25, 2020, a report related to the theft of the Cargo was made to the Balch Springs, Texas Police Department, but notwithstanding the Cargo being reported as stolen to the appropriate authorities, it was never recovered. A copy of the Balch Springs Police Department Report is attached hereto as **Exhibit C**.

18. Accordingly, Gerin failed to deliver the Cargo to the intended consignee in the same good condition in which it received the Cargo.

19. The full value of the Cargo was $195,053.00.

20. After the theft of the Cargo, the shipper made a loss claim to E Logis and HTS demanding to be compensated for the full value of the Cargo due to Gerin's loss of the Cargo.

21. Gerin and its cargo liability insurer, Atlantic Specialty Insurance Company ("Atlantic"), were notified of the demand from the shipper for payment of the full value of the Cargo.

22. On or about May 12, 2021, HTS and E Logis, on behalf of the shipper, fully settled and resolved the shipper's claim for the theft and/or loss of the Cargo for $180,000.00 ("the settlement amount") which amount was paid in part by Atlantic and in part by HTS. A copy of the May 12, 2021 Confidential Settlement and Mutual General Release Agreement ("the Settlement and Release") containing the terms of the settlement and release in the possession of HTS but is not attached hereto due to its designation as confidential.

23. Pursuant to the Settlement and Release, Atlantic contributed $100,000.00 of the settlement amount representing the policy limits of Gerin's cargo liability policy.

24. Pursuant to the Settlement and Release, HTS contributed $80,000.00 of the settlement amount.

25. Gerin declined to contribute to the settlement amount and to participate in the full resolution of the shipper's claim beyond Atlantic's tendering of its cargo liability policy limits.

26. The Settlement and Release did not release Gerin from its liability as a motor carrier for cargo loss and damage and HTS' damages beyond the $100,000.00 tendered by Atlantic on behalf of Gerin.

27. After resolving and settling the shipper's claim, HTS notified demanded the $80,000.00 it contributed towards the settlement amount from

Gerin, but, to date, Gerin has not responded and/or paid any amounts in response to that demand.

28. Having paid the shipper and/or its assignees $80,000.00 for the loss of the Cargo, HTS is subrogated to the rights of the shipper and now seeks payment from Gerin for the amounts it has been damaged by Gerin's loss of the Cargo.

29. As a result of actions taken by Gerin, HTS has sustained significant damages.

30. HTS has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

31. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT

32. HTS incorporates paragraphs 1 through 31 as if fully set forth herein.

33. Having duly entered into the Agreement with HTS, Gerin's carriage of the Cargo was subject to the Agreement's terms and conditions.

34. Paragraph 2 of the Agreement provides that Gerin "shall become liable for the full actual value of the freight when it takes and receives possession thereof, and the trailer(s) is loaded and liability shall continue

until delivery of the shipment to the consignee and the consignee signs the bill of lading or delivery receipt."

35. The Agreement further provides that Gerin "shall defend, indemnify and hold [HTS], its shipper customer, and the bill of lading parties harmless from any claims, actions or damages, arising out of its performance under this Agreement or breach of [Gerin's] representations under this Agreement."

36. Gerin breached the Agreement by not successfully delivering the Cargo and then refusing to cooperate with HTS in the resolution of the shipper's claim.

37. Gerin further breached the Agreement by not defending and indemnifying HTS when the claim was brought by the shipper against HTS.

38. By failing to defend and indemnify HTS against the claim brought by the shipper, Gerin caused HTS to file this suit to be made whole.

39. Gerin's multiple separate and independent breaches of the Agreement have exposed HTS to damages inclusive of and beyond those solely related to the Cargo, including legal jeopardy with the shipper and with E Logis, the incurrence of attorneys' fees, costs, and other expenses to achieve a resolution of the shipper's claim for Gerin's loss of the Cargo, and the attorneys' fees and costs of this suit for which Gerin must now indemnify HTS.

40. HTS has, and continues to, incur losses, costs and attorneys' fees in connection with its enforcement of the Agreement.

## COUNT TWO - CARMACK AMENDMENT

41. HTS incorporates paragraphs 1 through 31 as if fully set forth herein.

42. Gerin received the Cargo it was obliged to transport in good condition.

43. Gerin took the Cargo into its care, custody, and control and failed to deliver the Cargo in the same good condition in which it was received.

44. Gerin is liable for the loss of the Cargo pursuant to 49 U.S.C. § 14706 because Gerin's transportation of the Cargo constituted the transportation of goods in interstate commerce by a motor carrier.

45. Gerin's actions resulted in a claim for loss and damages asserted by the shipper against HTS in the amount of at least $195,053.00, which HTS was able to resolve fully for $180,000.00.

46. Having contributed $80,000.00 of the $180,000.00 to resolve the shipper's claim in full, HTS has suffered damages in at least the amount of $80,000.00, exclusive of interest.

WHEREFORE, HTS respectfully requests that this Honorable Court enter judgment in its favor and against Gerin for damages in the amount of

$80,000.00 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by HTS in having to deal with Gerin's loss of the Cargo, in having to resolve the claim brought by the shipper, the attorneys' fees, costs and expenses it is incurring in this suit, any other fees and costs authorized by statute, and such other and further relief deemed just by this Court.

Date: January 10, 2022                    Respectfully submitted,

/s/ Kristen M. J. Johnson
Kristen M.J. Johnson, Esq.
Florida Bar No. 1005180
John L. Marchione, Esq.
Florida Bar No. 114245
TAYLOR JOHNSON PL
20 3rd Street SW, Suite 209
Winter Haven, FL 33880
(863) 875-6950 (tel)
(863) 875-6955 (fax)
kjohnson@taylorlawpl.com
jmarachione@taylorlawpl.com
efiling@taylorlawpl.com
lroberts@taylorlawpl.com

*Counsel for Plaintiff*